REYNOLDS *v.* KNOWLES.

1. JURY—CHALLENGE FOR CAUSE—APPEAL AND ERROR.

Where the court at first overruled plaintiff's challenge for cause and after both counsel had passed the jury for cause, stated he thought he had erred, and allowed plaintiff another challenge, there was no reversible error, in the absence of a claim that the men who constituted the jury were not competent, fair, and impartial.

2. NEGLIGENCE—AUTOMOBILES—QUESTION FOR JURY.

In an action for personal injuries which plaintiff received when struck by defendant's automobile on a public street, it cannot be said, as a matter of law, that defendant was free from actionable negligence where his own testimony

On speed of automobile as negligence, see notes in 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993.

The reciprocal duty of operator of automobile and pedestrian to use care is discussed in notes 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

shows that he was running 12 miles an hour on a slippery
pavement on a dark and rainy night, and that the rain
on the windshield and the lights of approaching auto-
mobiles so obstructed his vision that he did not see
plaintiff, a pedestrian, until he was struck.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    The question of plaintiff's contributory negligence was
    properly submitted to the jury.

Error to Calhoun; North (Walter H.), J.    Sub-
mitted April 4, 1923.    (Docket No. 26.)    Decided
June 4, 1923.

Case by George I. Reynolds against Henry A.
Knowles and another for personal injuries.    Judg-
ment for plaintiff.    Defendants bring error.    Af-
firmed.

*Don W. Van Winkle* and *John C. Davis*, for appel-
lants.

*Burritt Hamilton* and *Emil E. Storkan*, for appellee.

MOORE, J.    This is an action to recover for injuries
received by the plaintiff who was struck by an auto-
mobile owned by Adelbert E. Knowles, and operated
by his son, Henry A. Knowles.    Plaintiff was struck
by the automobile on October 24, 1920, between the.
hours of 9 and 9:30 o'clock in the evening.    The acci-
dent happened on Lake avenue just south of the city
of Battle Creek.    Lake avenue is paved, and at the
point where the accident occurred it is paved with
asphalt and has a curb six or eight inches high.
There is no sidewalk on the side of the street where
the accident happened.    At the time of the accident
a drizzly mist was falling.    The pavement was
slippery.    Defendant Henry A. Knowles was accom-
panied by three women, who were waiting to take a
street car, and who were asked to ride by young

Knowles, who did not know them. They were not called as witnesses.

Earlier in the evening an automobile had run into a wagon and wrecked it at the point where the accident occurred. The plaintiff and Catherine Richards were taking some of the wreckage out of the street to a near house, and had removed all of it out of the street except some blankets. Plaintiff at the time he was struck was on the west side of the pavement near the curb and was leaving the pavement to go home. Plaintiff suffered two broken legs and a bruised arm and side, and received injuries to his hand and wrist and was confined to the hospital about 10 weeks.

Plaintiff's declaration counted upon statutory negligence in the violation of the State motor vehicle law; negligence in the violation of the local regulations; and common-law negligence. The jury returned a verdict for plaintiff in the sum of $2,500.

The errors relied upon are grouped by counsel as follows:

(1) Error in the *voir dire* examination of the jury in the introduction of the question of automobile insurance. Error in the remarks of the court in his rulings in reference thereto. And error committed by the court in excusing a juror for cause who was a policyholder in the Citizens Mutual Automobile Insurance Company and thereby granting to plaintiff six peremptory challenges.

(2) Error in denying defendants' motion for a directed verdict on the ground that no actionable negligence on the part of defendants was proved.

(3) Error in denying defendants' motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence.

(4) Error in refusal to give defendants' requests to charge and in the charge as given.

1. In examining the jury it developed that one of them had an interest in the Citizens Mutual Auto-

mobile Insurance Company of Howell, and counsel for the plaintiff challenged him for cause.    This challenge was overruled.    Counsel for plaintiff challenged five jurors peremptorily, and defendants excused three for the same reason, and both counsel stated they passed the jury for cause.    At this time the court said to counsel for the plaintiff that he thought he had erred in declining to excuse the juror who had been challenged for cause, and would allow counsel for the plaintiff another challenge, and another juror was challenged by him.    The defendants' counsel challenged two other jurors peremptorily.

We quote from the record:

"*Mr. Van Winkle:* At this time, we having exhausted all our peremptory challenges, desire to ask that this be declared a mistrial and the case be continued over the term on account of prejudicial remarks of counsel for the plaintiff in his examination of the jury, and the remarks of the court thereon, and also in instructing the jury, and for the additional remark of the court in granting the challenge for cause, and in granting the challenge for cause.

"*The Court:* The application will be denied and an exception may follow this ruling.    I ask if, with that exception, the jury is satisfactory?

"*Mr. Van Winkle:* Yes.

"*The Court:* You may swear the jury."

It will be noted that it was not claimed that the men who constituted the jury were not competent, fair and impartial.    We do not think this was reversible error.    See *Atlas Mining Co.* v. *Johnston,* 23 Mich. 36; *Peter* v. *Railway Co.,* 121 Mich. 324 (46 L. R. A. 224, 80 Am. St. Rep. 500) ; *Church* v. *Stoldt,* 215 Mich. 469; 16 R. C. L. p. 248, § 66.

2. It cannot be said as a matter of law that defendant Henry A. Knowles was free from actionable negligence.    His own testimony shows he was running 12 miles an hour, that the night was dark and rainy, that the rain was on his windshield so as to

obstruct his vision, as did the lights of approaching automobiles; that he sounded no warning; that he did not see the plaintiff until the plaintiff was struck. We do not think it can be said, as a matter of law, that his conduct was free from negligence. See sections 4817 and 4818, 1 Comp. Laws 1915; *Levyn* v. *Koppin,* 183 Mich. 232; *Harnau* v. *Haight,* 189 Mich. 600; *Darish* v. *Scott,* 212 Mich. 139; *Ott* v. *Wilson,* 216 Mich. 499; Huddy on Automobiles (5th Ed.), p. 376.

3. Can it be said as a matter of law that plaintiff was guilty of contributory negligence? We quote some of the testimony of the plaintiff:

"We were watching the street at all times.  *  *  * I had given them (some blankets) to Miss Richards and had started to step off the cement driveway to go home. I was about one step from the curb. Probably between two and three feet. Before leaving Miss Richards I had looked to see if any automobiles were coming. I looked toward Battle Creek and also in the other direction. I did not see any automobiles coming from Battle Creek.

"Q. How long do you say elapsed between the time you looked and the time you were struck?

"A. It is pretty hard to say. I don't believe I could tell.

"Q. What would be your best judgment on it?

"A. I would not imagine more than a minute."

The trial judge charged the jury at considerable length upon the subject of negligence. We quote some of his charge:

"I therefore charge you that before the plaintiff can recover in this suit he must prove, by a preponderance of the evidence that the defendants owed one or more of the duties to the plaintiff as before enumerated, and that they failed to perform one or more of those duties; and before the plaintiff can recover in this suit in addition to proving by a preponderance of the evidence that the defendants were guilty of negligence which contributed to the injury it is also

necessary that the plaintiff shall show that he himself was free from contributory negligence.

"You will note that I am repeating some of these requests to charge but I am doing it with the idea of making the charge full and clear, and covering specifically some of the requests that have been made and not for the purpose of emphasizing one proposition of law as being of more importance than another. And as I said to you before, in substance at least, if you find from the evidence that the plaintiff was guilty of any negligence however slight which contributed to his injury, then he cannot recover and your verdict must be one under those circumstances of not guilty. If you find from the evidence that both the plaintiff and defendants were guilty of negligence which contributed to the accident you are not permitted to consider which party was guilty of the greater degree of negligence and return a verdict against the party guilty of the greater degree of negligence but you must return a verdict for the defendants should you find that both the plaintiff and the defendants or one of them was guilty of negligence."

In Huddy on Automobiles (6th Ed.) at p. 488 it is said:

"In the absence of statutory or municipal regulation affecting the question, the right of a pedestrian is neither superior nor inferior to the rights of the operator of a motor vehicle. They have equal rights in the street. The driver of the machine must exercise reasonable care to avoid injury to persons lawfully in the street, and such persons are bound to exercise the same degree of caution for their own safety. The law imposes reciprocal obligations."

At pages 564, 571, of the same author it is said:

"If a pedestrian in crossing a street exercise such care as a person of ordinary prudence would use in looking after his own safety, considering the surrounding condition, he has done all that the law expects him to do. There is no other reasonable standard by which to measure the care required of

him. If this standard of care required that he stop and look and listen, then he must stop and look and listen. If it required that he must look and listen, or look alone, then he must do these things. To some extent the question necessarily depends on the amount of traffic to be expected at the place where he is crossing. * * *

"One traveling along or crossing a street is not necessarily required to look back for the approach of vehicles; if struck by an auto his negligence presents a jury question. When one is walking along that part of the road used by motor vehicles, he is not required to look back constantly to see whether such a machine is approaching. And one crossing a street between the public crossings without looking back, is not necessarily guilty of negligence, whether he passes directly or diagonally."

"When one is standing in the street in a place where he has a right to be, or is walking along the highway, he can properly assume that the driver of a motor vehicle will not run him down, but will avoid contact with him. And he may also assume that the driver of an approaching machine will give a signal of warning so that an accident may be avoided." Huddy on Automobiles (5th Ed.), pp. 593, 594.

See *Winckowski* v. *Dodge*, 183 Mich. 308; *Patterson* v. *Wagner*, 204 Mich. 600.

It is doubtful if any method of travel is as safe as the automobile would be if the drivers would handle them with care and intelligence. When they are in good order, and they ought not to be driven when not in good order, their movements can be controlled with more definiteness and certainty than can a team of horses. But for want of care and intelligence on the part of pedestrians, as well as on the part of the drivers of automobiles, the death list is appalling. Recently the National Bureau of Casualty and Surety Underwriters, published its figures for the year 1922, showing 14,190 deaths from automobile accidents, while the list of the seriously injured would be much

greater. If all pedestrians and automobile drivers would conduct themselves as reasonable, prudent persons ought, the list of dead and injured would be greatly decreased.

The various questions of fact were submitted to the jury fully and fairly.

The judgment is affirmed, with costs to the appellee.

MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred with MOORE, J. FELLOWS, J., concurred in the result. WIEST, C. J., did not sit.