ORME v. FARMER.

1. MOTOR VEHICLES—EVIDENCE—PROXIMATE CAUSE—NEGLIGENCE.
   In action by pedestrian injured while crossing wide city street accompanied by two others at 1:30 a. m. when struck by defendants' taxicab, evidence *held*, insufficient to show plaintiff's alleged failure to see defendants' cab was proximate cause of the accident, where driver had wide street almost to himself and could have seen plaintiff and companions and avoided accident by using reasonable care.

2. APPEAL AND ERROR—FINDING OF COURT—GREAT WEIGHT OF EVIDENCE.
   Finding of court in action for personal injuries by pedestrian against owner and driver of taxicab, tried without a jury, that defendants were guilty of negligence and that plaintiff was free from contributory negligence *held*, not against the great weight of the evidence.

Appeal from Genesee; Parker (James S.), J. Submitted June 5, 1934. (Docket No. 16, Calendar No. 37,791.) Decided September 18, 1934.

Case by Alex Orme against James Farmer, individually and doing business as LaSalle 25-cent Cab Company, and Everett LaDuke for personal injuries received while crossing street when struck by defendants' automobile. Judgment for plaintiff. Defendants appeal. Affirmed.

*Carton & Gault (Matthew Davison, Jr.,* of counsel), for plaintiff.

*Stewart A. Ricard,* for defendants.

BUTZEL, J. On October 11, 1931, at about 1:30 a. m., Alex Orme, plaintiff, was proceeding across

North Saginaw street in the city of Flint, Michigan. He was walking between two companions, with his arms interlocked with theirs as they left the curb near the intersection of Alma street. A slight mist was falling, and the pavement was wet but there was sufficient visibility from the street lights so that a car or person could be seen almost a block away. Plaintiff claims that although he and his companions crossed at a diagonal, he looked in each direction before he stepped from the curb and that he looked again in like manner when he reached the double car line in the center of the street, but that neither time did he see defendant's car approaching; that shortly after he passed the center of the street he was struck by a cab, owned by James Farmer, and driven by Everett LaDuke, both of whom are made defendants herein. There was testimony that plaintiff and his two companions narrowly escaped being run down by another car, just as they left the curb, that they had been drinking about four hours prior to the accident, that LaDuke was only driving at the rate of 20 miles per hour, that his car was in good condition. He claimed that he was blinded by the lights of another car and did not see plaintiff until his car struck him. On the other hand, it was shown that the accident occurred at a time when the street was almost deserted, that one of plaintiff's companions saw the approaching car, as they were proceeding in a straight direction along a diagonal line, and that if LaDuke had proceeded in a straight line without deflecting his car, he would not have struck plaintiff. LaDuke admitted that he was not looking straight ahead just prior to the accident but had turned his head towards the occupants of the rear seat of the car while carrying on a conversation with them; also that he had swerved the car to the side

just before he struck plaintiff. The testimony does not show that plaintiff's alleged failure to see defendant's car was the proximate cause of the accident. It does show that LaDuke had a wide road almost to himself, that he could have seen plaintiff and his companions and easily avoided the accident by exercising reasonable care. *Stobbelaar* v. *Berg,* 247 Mich. 121; *Watrous* v. *Conor,* 266 Mich. 397. The testimony is somewhat conflicting but the finding of the trial judge that the defendants were guilty of negligence and plaintiff free of contributory negligence is not against the great weight of the testimony. He rendered judgment in favor of plaintiff. It is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.