LAPACHIN v. STANDARD OIL CO.

1. MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE — PEDESTRIANS — CORROBORATING TESTIMONY.

Contention that pedestrian was guilty of contributory negligence in walking along snow-covered street, plowed 20 feet wide, at 7 a. m. on winter morning *held*, not sustained on appeal of motor vehicle owner, where preponderance of evidence is in favor of plaintiff and disinterested witnesses corroborated his testimony as to manner in which accident happened.

2. Same—Pedestrians.

Pedestrians have equal rights on highways with motorists and where beaten path is wide enough for several vehicles to pass, former have right to assume they will not be run down and may not always have to get completely off traveled portion of highway.

3. Witnesses—Matters Equally Within Knowledge of Deceased —Burden of Proof.

Testimony of plaintiff as to what part of his body was struck by car and what part struck the ground, where he was lying on the pavement, and that right front fender of car hit him *held*, admissible since defendant did not sustain burden of showing, and court may not infer, facts so asserted were matters equally within knowledge of driver, dead at the time of trial (3 Comp. Laws 1929, § 14219).

4. Appeal and Error—Medical Witnesses—Hearsay—Case Tried Without Jury.

Testimony of medical witnesses as to facts related to them by plaintiff of manner in which accident happened in case tried without jury *held*, not prejudicial error where judge did not consider same as substantive proof.

5. Damages—Excessiveness—Pain and Suffering—Hospital Care —Permanent Disability.

Judgment of $3,000 for personal injuries sustained by 61-year old miner when struck by defendant's car while he was walking along highway *held*, not excessive, where he suffered severe pain, confinement in hospital for three weeks and permanent disability.

Appeal from Gogebic; Driscoll (George O.), J. Submitted June 20, 1934. (Docket No. 98, Calendar No. 37,824.) Decided September 18, 1934.

Case by Michael Lapachin against Standard Oil Company, a corporation, for personal injuries sustained when struck by defendant's automobile alleged to have been negligently operated. Judgment for plaintiff. Defendant appeals. Affirmed.

*Jones & Patek (John S. McDonald,* of counsel), for plaintiff.

*Edward W. Massie,* for defendant.

EDWARD M. SHARPE, J.   Prior to January 11, 1933, plaintiff was of the age of 61 years, a miner employed in the iron mines and in good health.   On said date about seven o'clock in the morning, he was proceeding to his work, walking easterly on McLeod avenue in the city of Ironwood toward the Aurora mine where he was employed.   There are no sidewalks on McLeod avenue where the accident occurred, and the street is used for travel by pedestrians as well as by automobiles.   The street was covered with snow and there were banks of snow on each side to a height of about three and one-half feet.   The traveled portion of the street was then about 20 feet wide.   Plaintiff was walking on the right side of the street in company with one Lewinski when he was struck by an automobile approaching from the rear.   This automobile was owned by defendant and operated by its employee.

Plaintiff claims that the automobile had dim lights, that it was traveling at an excessive rate of speed, that the driver failed to give any warning or signal or blow his horn and without turning to the left to avoid an accident ran into plaintiff, throwing him up into the air a distance of 8 or 10 feet; that as a result of this accident and injury plaintiff was laid up in the hospital for three weeks and that it was 54 days before he attempted to do any work; that as a result of the collision he sustained two fractured ribs, a fractured vertebra, an aggravation of osteoarthritis of the spine and that in addi-

tion a latent and inactive pneumoconiosis was activated resulting in permanent and total disability; that plaintiff suffered and now suffers severe pain and at times becomes dizzy; that he is unable to work and is permanently and totally disabled as a result of the accident.

Defendant claims that as the car approached plaintiff and while in the middle of the road, the driver of the car blew his horn; that as the car approached within a few feet of the two men, plaintiff became excited and turned toward the center of the road; that the car was not traveling more than nine miles per hour, and that plaintiff ran into the right rear fender of the car.

The case was tried without a jury and a judgment was rendered in favor of plaintiff in the sum of $3,000. Defendant appeals, assigning as grounds that plaintiff was as a matter of law guilty of contributory negligence, that defendant or its agents were not negligent, that the court committed reversible error in admitting certain testimony of plaintiff, that the award of damages was excessive.

The defendant contends that plaintiff was guilty of contributory negligence in walking upon the street where he did at the time of the collision. While there is a dispute as to how the accident happened, the preponderance of the evidence is in favor of the plaintiff. Two disinterested witnesses corroborated the testimony of plaintiff as to the manner in which the accident occurred.

In the case of *Reynolds* v. *Knowles,* 223 Mich. 70, 76, and again in the case of *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580, 582, this court cited with approval the following quotation from a recognized authority on automobile law:

"When one is standing in the street in a place where he has a right to be, or is walking along the highway, he can properly assume that the driver of a motor vehicle will not run him down, but will avoid contact with him. And he may also assume that the driver of an approaching machine will give a signal of warning so that an accident may be avoided. Huddy on Automobiles (5th Ed.), pp. 593, 594." (See 5–6 Huddy, Cyclopedia of Automobile Law [9th Ed.], pp. 132, 133.)

In *Eames* v. *Clark,* 104 Kan. 65, 71 (177 Pac. 540), it was said:

"Foot travelers have equal rights upon the highway with drivers of vehicles, and the usual statement of their obligation is that they must use what amounts to reasonable care in the particular circumstances (note 51 L. R. A. [N. S.] 992). * * * Where the beaten track is wide enough for several vehicles to pass * * * there can be no hard and fast rule that pedestrians must get completely outside of the highway or of the traveled portion of it."

Defendant claims that since the driver of the car was deceased at the time of the trial, the court erred in permitting plaintiff to testify as to what part of his body was struck by the car, what part of his body struck the ground, where he was lying on the pavement, and that the right front fender of the car hit him, on the ground that such testimony was in violation of 3 Comp. Laws 1929, § 14219. The difficulty in this case is to know which, if any, of this testimony was known to the deceased driver. The testimony was admissible unless the facts asserted, if true, were equally within the knowledge of the driver. We may not infer. The burden is upon the one invoking the prohibition of the statute. *Noonan* v.

*Volek,* 246 Mich. 377. The trial court in his opinion indicates that there was in the record testimony of persons other than plaintiff ample to sustain the conclusion that plaintiff was free from contributory negligence. We find no reversible error in his findings therein.

Defendant next contends that the court erred in permitting the medical witnesses to testify to facts related to them by plaintiff of the manner in which the accident happened. Yet an examination of the record disclosed that the trial judge did not consider such facts as substantive proof. In view of the fact that the suit was submitted for determination without a jury, we are satisfied that no prejudicial error resulted.

We cannot agree with defendant that the award of damages was excessive. As a result of this accident plaintiff was confined to the hospital for three weeks, suffered severe pain, and is permanently disabled.

This court has said in *Watrous* v. *Conor,* 266 Mich. 397, 401, 402:

"The amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts. * * * We are loath to disturb verdicts for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.,* 239 Mich. 485. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy."

Judgment affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL and BUSHNELL, JJ., concurred.