JACOBSON *v.* CARLSON.

1. APPEAL AND ERROR—EVIDENCE—ADMISSIONS AGAINST INTEREST—
PREJUDICE.

In pedestrian's action for injuries inflicted by motorist it was
error to allow undersheriff to testify as to nature of ques-
tions he had asked plaintiff while latter was in a dazed
condition but no prejudice resulted where questions elicited
no admissions against interest.

2. HIGHWAYS AND STREETS — PEDESTRIANS — SIDEWALKS — QUES-
TION FOR JURY.

In pedestrian's action for injuries inflicted by motorist in which
testimony was conflicting as to whether or not sidewalk was
covered with deep unshoveled snow, question as to propriety
of pedestrian's use of street was for jury.

3. STATUTES—TITLE OF ACT—CONSTITUTIONAL LAW—GENERAL OB-
JECT OF ACT.

The constitutional requirements that no law shall embrace more
than one object which shall be expressed in its title are met
if an act centers to one main general object or purpose which
the title comprehensively declares, though in general terms,
and if the provisions in the body of the act not directly men-
tioned in the title are germane, auxiliary, or incidental to
that general purpose (Const. 1908, art. 5, § 21).

4. SAME—TITLE OF ACT.

The title of an act is but a descriptive caption, directing at-
tention to the subject matter which follows.

5. HIGHWAYS AND STREETS—STATE—REGULATION OF TRAFFIC.
The regulation of traffic on the public highways of the State
is primarily the responsibility of the State to the public.

6. SAME—REGULATION OF TRAFFIC—POLICE POWER.
The use of automobiles and other vehicles and travel by foot
on public highways is subject to regulation under the police
power and a large discretion is vested in the legislature in
its exercise.

7. STATUTES—UNIFORM MOTOR VEHICLE ACT—GENERAL PURPOSE—
   TITLE OF ACT.

   In passing the uniform motor vehicle act the legislature was
   concerned in making the public highways of the State, which
   are public ways for the use of the public in general for pas-
   sage and traffic without distinction, reasonably safe for public
   travel and could incorporate therein such provisions as would
   promote that general purpose without violating the constitu-
   tional provision that a law may embrace only one object which
   shall be expressed in its title (Const. 1908, art. 5, § 21; 1
   Comp. Laws 1929, § 4693 *et seq.*).

8. SAME—TITLE OF UNIFORM MOTOR VEHICLE ACT—GENERAL PUR-
   POSE.

   The general purpose as expressed in title of the uniform motor
   vehicle act is not circumscribed to the manual operation and
   control of vehicles but embraces innumerable factors of high-
   way traffic which promote public safety (Const. 1908, art. 5,
   § 21; 1 Comp. Laws 1929, § 4693 *et seq.*).

9. SAME—TITLE OF UNIFORM MOTOR VEHICLE ACT—GERMANE PRO-
   VISIONS.

   Provisions of the uniform motor vehicle act designed to promote
   the security of vehicle traffic on public highways or that would
   prevent others than those operating vehicles from unreasonably
   impeding or endangering vehicle traffic or obstructing the
   highway or doing acts to make hazardous or dangerous the
   operation of vehicles thereon are germane, auxiliary, or in-
   cidental to the general purpose of the act notwithstanding the
   title has reference only to the operation of vehicles on high-
   ways (Const. 1908, art. 5, § 21; 1 Comp. Laws 1929, § 4693
   *et seq.*).

10. SAME—UNIFORM MOTOR VEHICLE ACT—REGULATION OF PEDES-
    TRIAN TRAFFIC—SIDEWALKS.

    Provision of amendment to uniform motor vehicle act which
    regulates use of highways by pedestrians where sidewalks are
    and are not provided is not unconstitutional as it is germane,
    auxiliary and incidental to the general purpose of the act
    (Const. 1908, art. 5, § 21; Act No. 318, § 34a, Pub. Acts
    1927, as added by Act No. 318, Pub. Acts 1939).

Appeal from Iron; Bell (Frank A.), J. Submitted
June 2, 1942. (Docket No. 3; Calendar No. 41,951.)
Decided July 1, 1942.

Case by Gordon Jacobson against John E. Carlson for damages for personal injuries sustained when struck by an automobile. , Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Ray Derham,* for plaintiff.

*Clarence D. Dwyer,* for defendant.

Chandler, C. J. On January 22, 1940, Gordon Jacobson, plaintiff and appellant, followed his wife by walking in a southerly direction on the east side of Fourth street in the city of Iron River. Upon seeing her enter the car of John E. Carlson, defendant 'and appellee, plaintiff left the sidewalk and hurried to the street by the use of an alley which intersected the sidewalk at a point about 90 feet from a driveway where the car was parked. He hurried about 45 feet up the street, threw up his arm as the car approached, and was struck or sideswiped by the right side of the car which continued northerly down the street. This suit was brought as a consequence thereof, resulting in a verdict for the defendant, and this appeal followed.

At the trial, an undersheriff, who was immediately called to the scene of the accident, was allowed to testify as to the nature of the questions he asked plaintiff who was then in a dazed condition and unable to answer. Because of plaintiff's condition, the questions elicited no admissions from him against interest, and although it was inadmissible under these circumstances, it is clearly apparent from the record that no prejudice resulted.

Plaintiff testified that the reason he left the sidewalk at the alley and proceeded up the street was because the sidewalk beyond was covered with deep unshoveled snow. This is contradicted by other wit-

nesses and left a question for the jury which was presented to them by the judge in his charge as follows:

"There are some provisions of our statute which bear upon the question of negligence and contributory negligence. We will take the question of contributory negligence first. It is one of the provisions of our statute that where sidewalks are provided it shall be unlawful for pedestrians to walk upon the main traveled portion of a highway. Where sidewalks are not provided, pedestrians shall when practicable walk on the left side of the highway, facing traffic which passes nearest. Now, under that provision of the statute, if there was a usable sidewalk along the street at the point of the accident and Jacobson did not use it, but went into the street, he would be himself guilty of negligence, which would prohibit his recovery. The testimony is in dispute, as I recollect, about that, as to whether or not there was a usable sidewalk there, and it is for you to say under the evidence if there was or not. Now, if there was no sidewalk there then Jacobson had the legal right to walk in the highway on the side upon which he would face traffic. Now, when so walking it was his legal duty to take reasonable care for his own safety. You can see readily the purpose of that provision of the law. It is a late provision provided by our legislature that people should walk so as to face traffic and, seeing it coming, can step aside. So you see if you find that there was no sidewalk there and Jacobson had the right to be on the highway, then the question comes up to you as to whether or not he used the reasonable care which an ordinarily careful and prudent person would use for his own safety."

The statute to which the trial court referred is Act No. 318, § 34a, Pub. Acts 1927, as added by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940,

§ 4726-1, Stat. Ann. 1941 Cum. Supp. § 9.1594[1]), which provides:

"Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main traveled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest."

The foregoing provision was enacted as an amendment to the uniform motor vehicle act (Act No. 318, Pub. Acts 1927, as amended [1 Comp. Laws 1929, § 4693 *et seq.*, as amended (Comp. Laws Supp. 1940, § 4693 *et seq.*, Stat. Ann. and Stat. Ann. 1941 Cum. Supp. § 9.1561 *et seq.*)]), the title to which reads as follows:

"An act to regulate the operation of vehicles on highways; providing for traffic signs and signals; defining the power of local authorities to enact or enforce ordinances, rules or regulations in regard to matters embraced within the provisions of this act; providing for the enforcement of this act and for penalties for violations thereof; to make uniform the law relating to the subject matter of this act and to repeal certain acts and sections of acts."

Appellant claims that the charge of the court, based on the foregoing quoted amendment, was error in that said amendment is unconstitutional and in violation of Const. of 1908, art. 5, § 21, which provides in part:

"No law shall embrace more than one object, which shall be expressed in its title."

The rules governing the application of this section of the Constitution are well settled and have been defined in *Loomis* v. *Rogers,* 197 Mich. 265, wherein we said:

"While it (the Covert act) contains various related provisions not directly indicated or enumerated in the title, under the construction of this constitutional requirement, as many times reviewed by this court, if the act centers to one main general object or purpose which the title comprehensively declares though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met.

"A title is but a descriptive caption, directing attention to the subject matter which follows."

See, also, *Michigan Boiler & Sheet Iron Works, for the use and benefit of American Mutual Liability Co.,* v. *Dressler,* 286 Mich. 502; *Weco Products Co.* v. *Sam's Cut Rate, Inc.,* 296 Mich. 190; *Kull* v. *Michigan State Apple Commission,* 296 Mich. 262; *Banner Laundering Co.* v. *State Board of Tax Administration,* 297 Mich. 419.

There is no quarrel about the principle, but much question as to its application. The regulation of traffic on the public highways of the State is primarily the responsibility of the State to the public. The use of automobiles and other vehicles and travel by foot on public highways is subject to regulation under the police power and a large discretion is vested in the legislature in its exercise.

The legislature, in passing the vehicle act, was concerned in making the public highways of the State, which are public ways for use of the public in general for passage and traffic without distinction, reasonably safe for public travel, and under the title of the act, without violating the constitutional provision in question, it had plenary power to incorporate in the body of the statute such provisions as would promote the general purpose thereof—the safety of the highways.

The general purpose of the act as expressed in its title is not circumscribed to the manual operation and control of vehicles, but embraces innumerable factors of highway traffic which promote public safety. It could hardly be said that because the title has reference only to the operation of vehicles on highways, provisions designed to promote the security of vehicle traffic or that would prevent others than those operating vehicles from unreasonably impeding or endangering vehicle traffic or obstructing the highway or doing acts to make hazardous or dangerous the operation of vehicles thereon, would not be germane, auxiliary or incidental thereto.

In *People* v. *Thompson*, 259 Mich. 109, 115, we said:

"It is well within the purport of the title of the act to include provisions governing the conduct of parties incident to highway accidents."

In that case it was held that the title was broad enough to cover a provision requiring a driver to render assistance in case of accident, and make a report thereof, since it was germane to the general purpose of the act. And we hold that the amendment here in question is equally germane, auxiliary and incidental to that general purpose.

The judgment is affirmed, with costs to defendant.

Boyles, North, Starr, Butzel, and Sharpe, JJ., concurred with Chandler, C. J. Bushnell, J., concurred in the result. Wiest, J., did not sit.