## MARTIN *v.* LESLIE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AUTOMOBILES—INSTRUCTIONS—BRIEFS.

   Questions sought to be reviewed by defendant motorist on what jury should have been permitted to consider as to what plaintiff pedestrian, overtaken from the rear after midnight in mid-December when ground was snow-covered, would have seen and what judgment and belief he would have formed are not discussed, where instructions to jury are not included in the record and appellant's brief does not conform to requirements of court rules (Court Rule No 67, § 1 [1945]).

2. HIGHWAYS AND STREETS—SIDEWALKS—PEDESTRIANS.

   A sidewalk alongside a highway must be usable in order to make it unlawful for a pedestrian to use the highway instead of the sidewalk (CLS 1954, § 257.655).

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error §§ 650, 651, 768.
[2] 25 Am Jur, Highways § 451.
[3, 4] 5 Am Jur, Automobiles § 704.
[4] 5 Am Jur, Automobiles §§ 201–210, 449, 674.

3. SAME—SIDEWALKS—PEDESTRIANS—AUTOMOBILES—QUESTION FOR JURY.

> Whether or not sidewalk alongside highway was usable at night in mid-December when the ground was snow-covered and whether or not plaintiff pedestrian was walking on left side of highway when hit from the rear by defendant motorist were questions properly left to jury under evidence presented in pedestrian's action for injuries sustained (CLS 1954, § 257.655).

4. AUTOMOBILES—PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

> Questions of defendant motorist's negligence and of plaintiff pedestrian's contributory negligence were questions of fact for jury, where evidence shows plaintiff was struck from rear while walking along snow-covered highway after midnight in mid-December, there being testimony showing sidewalk alongside the highway was not then usable (CLS 1954, § 257.655).

Appeal from Oakland; Hartrick (George B.), J. Submitted January 3, 1956. (Docket No. 9, Calendar No. 46,459.) Decided April 2, 1956.

Case by Lincoln Martin against Kenneth Leslie for damages resulting from being struck by automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Dell & Heber* (*Keith J. Leenhouts*, of counsel), for plaintiff.

*Carl A. Braun*, for defendant.

SMITH, J. This is a pedestrian accident case. The accident occurred shortly after midnight on December 19, 1951. Plaintiff had been forced to abandon his car and was walking home in a westerly direction on the 13 Mile road. There was much snow on the ground. A police officer testified "there was enough snow on the road so you couldn't see the road." Plaintiff testified that it also obscured the sidewalk. "You could not tell where the sidewalk was at," he

said. The walk was, moreover, to his knowledge (he lived in this vicinity) in poor condition, "humped up in a lot of places." Consequently, at the time of the accident, plaintiff had left it and had taken to the road. In this area the vehicular traffic had left wheel tracks in the road roughly in the center, 1 track in the south lane, the other in the north, except where cars had passed. Plaintiff walked in the southerly track. From time to time he could see ahead of him the projection of car lights from his rear, at which time he would step aside to the south, wait for the car to pass, and then resume his journey. He was struck from the rear by the defendant's car, which he had failed to observe, although he testified that he had turned and made an observation of approaching traffic some 20 seconds prior to the time he was struck.

The defendant urges that plaintiff was guilty of contributory negligence as a matter of law. He asserts that plaintiff's injuries resulted from his own inattention to his situation of danger, combined with his clumsiness: "He either slipped and fell or else he walked over there," *i.e.,* into defendant's passing car, "in panic." It was a clear night. Defendant testified that "I could discern anything in the road with my lights about 300 feet." His testimony continues that he first saw plaintiff when about 200 feet from him, "out in the center of the road, straddling the center line." He did not apply his brakes. His plan was to veer to his right to such an extent that "had Martin not moved, I would have been 2 or 3 feet away from him." Martin did, however, move, according to defendant, and thus brought on his own injuries. He was not, says defendant, struck by his car, but rather "he ran into my car." Both sides argue the physical evidence in support of their theories. Plaintiff introduced evidence tending to establish that defendant's car had not veered out at all before striking

him from the rear, defendant denying such impact and countering by showing no damages to the front of the car, but only to the radio antenna and spotlight on the left side. Plaintiff rebuts with testimony that when he was struck (possibly by the front bumper) he "went up like that," and was thrown against the antenna and spotlight, that he did not slip, and that, in fact, the radio antenna was too high to be damaged by his slipping and falling into it. All of this was before the court and jury.

Judgment for plaintiff was entered upon the jury's verdict. The defendant has appealed from such judgment and from the denial of his motion for judgment *non obstante veredicto*. Errors assigned turn primarily on the proposition that plaintiff was guilty of contributory negligence as a matter of law. We note in passing that one of defendant's statements of questions involved relates to what the trial court should "have permitted and instructed the jury to determine" with reference to "what plaintiff would have seen" and "what judgment and belief plaintiff would have formed" under certain circumstances. We will dispose summarily of this question. The instructions to the jury are not included in the record here on appeal and the question is not before us. We also note that appellant's brief does not conform to Court Rule No 67 (1945), particularly section 1, which reads, in part:

"The stated questions herein required shall be used in the same order as topical subheadings throughout the 'argument' in appellant's brief provided for in section 3 of this rule."

*People* v. *Funk,* 321 Mich 617 (5 ALR2d 1077). Our consideration of this brief should not be taken as precedent.

Defendant first asserts that plaintiff was unlawfully on the highway, citing to us that plaintiff was

walking on 13 Mile road contrary to PA 1949, No 300, § 656 (CLS 1954, § 257.655 [Stat Ann 1952 Rev § 9.2355]), which provides:

"Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main traveled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest."

It is not enough, however, to call this statute into operation, merely that a sidewalk be constructed at the spot in question. It must be usable. It may be partially destroyed by neglect or the elements, or it may be covered by water, sand, or snow. In such event the pedestrian who insists on following its probable course might well be heedless of his own safety. The usability of the walk is ordinarily (and in this case) a question of fact. The question is not a new one to us. In *Jacobson* v. *Carlson,* 302 Mich 448, plaintiff Jacobson testified he had left the sidewalk and proceeded in the street because the sidewalk beyond his point of departure was covered with deep, unshoveled snow. This testimony being contradicted by other witnesses, we said that it properly left a question for the jury which was presented to them by the judge in his charge as follows:

" 'There are some provisions of our statute which bear upon the question of negligence and contributory negligence. We will take the question of contributory negligence first. It is one of the provisions of our statute that where sidewalks are provided it shall be unlawful for pedestrians to walk upon the main-traveled portion of a highway. Where sidewalks are not provided, pedestrians shall when practicable walk on the left side of the highway, facing traffic which passes nearest. Now, under that provision of the statute, if there was a usable sidewalk along the street at the point of the accident and

Jacobson did not use it, but went into the street, he would be himself guilty of negligence, which would prohibit his recovery. The testimony is in dispute, as I recollect, about that, as to whether or not there was a usable sidewalk there, and it is for you to say under the evidence if there was or not. Now, if there was no sidewalk there then Jacobson had the legal right to walk in the highway on the side upon which he would face traffic. Now, when so walking it was his legal duty to take reasonable care for his own safety. You can see readily the purpose of that provision of the law. It is a late provision provided by our legislature that people should walk so as to face traffic and, seeing it coming, can step aside. So you see if you find that there was no sidewalk there and Jacobson had the right to be on the highway, then the question comes up to you as to whether or not he used the reasonable care which an ordinarily careful and prudent person would use for his own safety.' "

(The statute, above referred to, is the earlier counterpart of the statute here in question, the language of which remains unchanged.)

Nor is plaintiff's precise position with respect to the center line controlling as a matter of law. The statute does not make it mandatory that a pedestrian walk on the left side of the highway, facing traffic. It provides that he shall do so "when practicable." There was no error in submitting these issues to the jury.

With respect to defendant's action and duties, and those of the plaintiff, the situation is this: The defendant was aware that plaintiff was proceeding along the highway in front of him. He was aware that road conditions were hazardous, both for the pedestrian and for himself. He gave no warning signal. He rather decided to drive past the pedestrian "2 or 3 feet away from him," close enough, in fact, so that a slight skid by the car, or a slip in the snow by the pedestrian, would inevitably bring about

an injury. The pedestrian, for his part, knew as well that he was in a position of danger and he was bound to exercise reasonable care for his own safety. He asserts that he did so, stepping aside from time to time to permit cars to pass, and he intimates that possibly defendant's lights were not lighted, although defendant testified that his lights "were on the lower beam."

The defendant cites to us cases such as *Graf* v. *Chicago & Northwestern R. Co.,* 94 Mich 579, 583, wherein it is said that "no obligation rested upon the brakeman to attempt to stop the cars until he saw that the deceased intended to stop in front of them, regardless of the danger." Such citations are not apt. Whatever may be the factual parallel, from the highway pedestrian's point of view, between an on-rushing locomotive and an approaching automobile, we reject instanter the legal parallel suggested. The rights of automobiles in a public highway are not parallel to those of a locomotive on its tracks, nor are the rights of pedestrians on such highways properly comparable to those of wanderers or even invitees upon a railroad right-of-way. Our language in *Kemp* v. *Aldrich,* 286 Mich 591, 594, 595, respecting the correlative rights and duties of automobile drivers and pedestrians in the highway is in point and worthy of repetition:

"Because of a heavy snowfall the road had been used for travel by other pedestrians and, even if plaintiff was the first to walk on the highway under these circumstances, nevertheless she had a perfect right to do so. *Korstange* v. *Kroeze,* 261 Mich 298; *Lapachin* v. *Standard Oil Co.,* 268 Mich 477; *Pearce* v. *Rodell,* 283 Mich 19. In the *Pearce Case* (p 37) the Court approved an instruction of a trial judge who said:

" 'Pedestrians upon the public highway have a right to assume in the first instance the driver of an

automobile will use ordinary care and caution for the protection of pedestrians, nevertheless the pedestrian must not rest content on such assumption, if there comes a time where he knows, or ought to know by the exercise of reasonable care, he is being placed in danger. He must take such care for his own safety as a reasonable, careful, prudent person would do under similar circumstances.'

"Plaintiff had the right to assume that defendant's driver would give a warning signal and that she would not be injured while using the highway. *Reynolds* v. *Knowles,* 223 Mich 70. Plaintiff testified that, as she was walking through the cut, which was 6 or 7 feet wide, she was looking ahead, although her face was turned somewhat toward the east to avoid the blinding snow. She said she did not see any lights or hear a horn and had no opportunity to step aside and get out of the way of defendant Shepard Co-Operative Association's truck. Whether she was guilty of contributory negligence under these circumstances was a question of fact and there was evidence to support the finding of the jury."

(See, also, rehearing on the *Kemp Case,* 286 Mich 715, reaffirming the holding that the question of contributory negligence and negligence is a jury question, but reversing on other grounds.)

In *Krukowski* v. *Englehardt,* 276 Mich 136, 141, in affirming a judgment for plaintiff, we quoted with approval the following:

"See *Tio* v. *Molter,* 262 Mich 655, 661, wherein the Court quotes with approval from 5–6 Huddy, Cyclopedia of Automobile Law (9th ed), § 84:

" 'One traveling along or crossing a street or highway is not necessarily required to look back for the approach of vehicles; if struck by an auto coming behind him, his negligence presents a jury question.'

"See, also, *Perkins* v. *Holser,* 213 Mich 579; *Ottaway* v. *Gutman,* 207 Mich 393; *Orme* v. *Farmer,* 268 Mich 425.

"In our opinion the question of whether or not plaintiff was guilty of contributory negligence was a jury question."

See, also, *Pearce* v. *Rodell,* 283 Mich 19, and cases collected in Jamieson & Brown, Michigan Automobile Law (2d ed), § 5b, p 43 *et seq.*

Without summarizing all of the testimony it is evident that the jury accepted plaintiff's version of the accident. Upon the record before us we are not inclined to disturb its findings. The question of plaintiff's contributory negligence was properly for the jury.

The judgment is affirmed, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, REID, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.