## KWASNY v DRIESSEN

1. FRAUD—ELEMENTS—EVIDENCE.

> The elements of actionable fraud were shown where plaintiff vendee of a trailer park, who had no prior business experience, showed that the defendant vendor, manager of the park, told him that a lake at the rear of the trailer park was not polluted but that the condition of the water was caused by leaves and seeds falling into it and that everything was in good working order when, as a matter of fact, there had been a continuing health problem regarding the sewage disposal although the licensing of the park was not affected until after plaintiff acquired the property; therefore, defendants' motion for a directed verdict and judgment notwithstanding the verdict were properly denied.

2. LIMITATION OF ACTIONS—FRAUD.

> An action for fraud to recover damages caused to a plaintiff as a result of defendant's fraudulent representations is governed by the general six-year limitations statute (MCLA 600.5813.)

3. FRAUD—AGENCY—EVIDENCE.

> Evidence that a defendant vendor of land who made fraudulent representations to the plaintiff vendee was the manager of the trailer park which he and his wife owned jointly with the wife's brother and his wife, and that the defendant manager did all the negotiating with plaintiff for sale of the land and with the county health department for a trailer park license, was sufficient to allow the question of agency to go to the jury in an action by the vendee against all of the vendors for fraud.

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur 2d, Fraud and Deceit §§ 12–19.

[2] 37 Am Jur 2d, Fraud and Deceit § 415.
Time when limitation commences to run against action at law or in equity based on fraud inducing execution of contract or conveyance as affected by time when actual damages resulted, 110 ALR 1178.

[3] 3 Am Jur 2d, Agency §§ 199, 200.
37 Am Jur 2d, Fraud and Deceit § 442.

Appeal from Oakland, William F. Hampton, J. Submitted Division 2 June 9, 1972, at Lansing. (Docket No. 11352.) Decided August 28, 1972.

Complaint by Joseph G. Kwasny and Catherine Kwasny against Grace Driessen, Lewis R. Evans, Bernice I. Evans, Richard H. Oberschulte and Ida M. Oberschulte for fraud. Verdict and judgment for plaintiffs against defendants Evans and Oberschulte; judgment of no cause of action against Driessen. Defendants Evans and Oberschulte appeal. Affirmed.

*Davidow & Davidow,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin),* for defendants.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

DANHOF, J. Plaintiffs commenced this action alleging fraud against the defendants Evans and Oberschulte and Driessen. The jury returned a verdict in favor of plaintiffs and against defendants Evans and Oberschulte in the amount of $14,000 but found no cause of action against defendant Driessen. Defendants Evans and Oberschulte have appealed. Plaintiffs filed a cross-appeal but it has not been briefed or argued and hence it will not be considered.

Defendants first allege that the verdict was against the great weight of the evidence. Since defendants did not file a motion for a new trial this will not be considered on appeal. *Walls v*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Transamerican Freight Lines,* 37 Mich App 307 (1971).

The real issue raised is whether defendants' motion for a directed verdict after the plaintiffs' proofs or motion for judgment notwithstanding the verdict should have been granted. The elements of actionable fraud are: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. See *Papin v Demski,* 17 Mich App 151 (1969); *A & A Asphalt Paving Co v Pontiac Speedway, Inc,* 363 Mich 634 (1961).

Viewing the evidence in a light most favorable to the plaintiff, examination of the record reveals the following facts. Defendants Evans and Oberschulte owned the vendees' interest in a land contract covering a trailer park. Defendant Lewis Evans had a construction industry background and a familiarity with sewage disposal and electric wiring. Defendant Lewis Evans managed the trailer park, although both defendants Evans and Oberschulte were owners.

Plaintiff Joseph Kwasny entered this country as an immigrant from Poland in 1949 and up until he purchased the trailer park was employed as a sausage maker. He had no prior business experience, but had saved his money and decided to go into business for himself. Plaintiff Joseph Kwasny was shown the property by defendant Lewis Evans and the real estate agent, and on viewing a lake at the rear of the property inquired of defendant Lewis Evans as to why the water appeared to be

polluted. Defendant Lewis Evans stated that it was because of the leaves and seeds that had fallen into the water. Defendant Lewis Evans represented that business was good, that everything was in good working order, and also showed the plaintiff Joseph Kwasny a prior licensing certificate issued by the county. Plaintiffs purchased the vendees' interest in November, 1962.

As a matter of fact there had been a continuing health problem regarding the sewage disposal, although it did not affect the licensing until after plaintiffs acquired the property. Independent testimony indicated that the defendants had had sewage problems for some time, particularly with the drainage, and this was the reason for the pollution of the lake.

Based on the record the elements of action for fraud were met and a question of fact was created concerning the misrepresentations of the sewage system, and the trial judge properly denied the motions for directed verdict and judgment notwithstanding the verdict.

Defendants next contend that the trial court should have granted their motion for accelerated judgment on the basis that plaintiffs' cause of action was barred by the three-year statute of limitations. The question is whether the three-year limitations statute in MCLA 600.5805; MSA 27A.5805 governs or the general six-year statute of limitations found in MCLA 600.5813; MSA 27A.5813. Defendants have cited *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 381 Mich 318 (1968), as controlling. A close reading of *State Mutual Cyclone* indicates that it is not applicable to the instant case, but rather, this case is controlled by *Sweet v Shreve,* 262 Mich 432 (1933), wherein the Supreme Court stated, p 435:

"Furthermore, we do not believe that the present action constitutes one for injuries to person or property. It is a suit brought for the recovery of damages caused plaintiffs as a result of fraudulent representations made by defendants. Previous Michigan decisions have assumed that actions for fraud are covered by the general six-year limitation in section 13976. See *Holman v Moore,* 259 Mich 63, 68 [1932]; *Ramsey v Child, Hulswit & Co,* 198 Mich 658, 667 [1917]; *Armstrong v Rachow,* 205 Mich 168, 179 [1919]. While there are some authorities in other jurisdictions to the contrary, and it may be claimed that the precise point here involved was not carefully considered in the cases cited, we believe the correct rule to be that, where the damages claimed are not for injuries to specific property, subsection 2 of 3 Comp Laws 1929, § 13976, does not apply, but the action may be brought within the general six-year provisions in 3 Comp Laws 1929, § 13976."

The decision of the trial court in denying the motion for accelerated judgment was correct.

Finally, defendants claim that there was insufficient evidence to allow the matter of agency between defendants Evans and Oberschulte to go to the jury. The record discloses that defendant Bernice Evans is a sister of defendant Richard Oberschulte, that shortly after defendants Lewis and Bernice Evans obtained ownership of the property they assigned a half interest to the Oberschultes. Evidence further indicates that the idea of joint ownership had been planned prior to the acquisition of the vendees' interest by the Evans. As previously stated defendant Lewis Evans acted as the manager, did the negotiating with the plaintiffs and the county health department. In *Miskiewicz v Smolenski,* 249 Mich 63, 70 (1929), the Supreme Court stated:

"When there is a disputed question of agency, if there

is any testimony, either direct or inferential, tending to establish it, it becomes a question of fact for the jury to determine."

See also *Ardash v Karp,* 18 Mich App 241 (1969); *Shinabarger v Phillips,* 370 Mich 135 (1963). We conclude that the trial court properly found that the plaintiffs had introduced sufficient evidence with respect to the question of agency between defendants Evans and Oberschulte to allow the question to go to the jury.

Affirmed, costs to the plaintiffs.

All concurred.