BIRD v GABRIS

1. NEGLIGENCE—TRIAL—AUTOMOBILES—INSTRUCTIONS TO JURY—PE-
DESTRIAN STATUTE.

A trial court's failure to instruct a jury on the applicability of a
statute requiring pedestrians, when practicable, to walk on the
left side of a highway facing traffic which passes nearest when
sidewalks are not provided was not error where under the facts
presented by the case reasonable minds could not possibly differ
on the question of whether it was "practicable" for the plaintiff
to be on the right side of the road where he was facing an
oncoming car and attempting to stop it to avoid an accident
because of a prior collision on the road and the presence of
fallen electrical wiring (MCLA 257.655).

2. STATUTES—WORDS AND PHRASES—HIGHWAYS.

A statutory reference to "walk" and "facing traffic" obviously
applying to persons who are using the highway for travelling
"afoot" has no application to a person who was not using the
highway for the purpose of travelling (MCLA 257.655).

Appeal from Muskegon, James F. Schoener, J.
Submitted Division 3 April 3, 1974, at Grand
Rapids. (Docket No. 17174.) Decided May 1, 1974.

Complaint by Charles P. Bird against Robert
Goodrich, Joanna Casler, Paul J. Gabris, and
Katherine Gabris for damages resulting from an
automobile accident. Judgment for plaintiff. De-
fendants Gabris appeal. Affirmed.

*McCroskey, Libner, VanLeuven, Kortering, Co-
chrane & Brock,* for plaintiff.

REFERENCE FOR THE POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 400–409.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendants Gabris.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. On March 30, 1973, plaintiff-appellee, Charles Bird, received a jury verdict in the amount of $40,000 against Robert Goodrich, Joanna Casler, Paul J. Gabris, and Katherine Gabris. Paul J. Gabris and Katherine Gabris appeal.

The following facts focus the issues. On the night of March 8, 1970, Robert Goodrich, driving a car owned by his passenger, Joanna Casler, collided with a car being driven by Kasey Jones at the intersection of Wolf Lake and Heights-Ravenna Roads. The impact turned both cars facing east on the southerly portion of the intersection, the Casler car knocking over a telephone pole and leaving wires stretched across the intersection. Charles Bird and Betty Morse approached the intersection in Bird's truck. They noticed that the light was out at the intersection and slowed down to find wires across the road and the two cars aforementioned. Bird stopped and got out of the truck with his flashlight to see what was wrong. A stranger turned Bird's truck around so that its flashing rear lights faced east on Heights-Ravenna Road.

A car, driven by Paul Gabris and owned by his passenger Katherine Gabris, travelling in a westerly direction between 25 and 40 miles an hour on Heights-Ravenna Road approached the scene described above. Plaintiff Bird testified he was standing on the south shoulder of the road waving a

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

flashlight in an attempt to slow down the Gabris vehicle. A witness testified that he was waving a flashlight but while he was standing on the travelled portion of the road.

Gabris testified he noticed the street light was out and saw the amber lights on Bird's truck but failed to see the wires in time to avoid striking them. The wires stretched and snapped on impact, struck plaintiff Bird, and threw him into the air, and he landed on the ground with head injuries and a broken leg.

Defendants' motion for a directed verdict at the close of plaintiff's proofs was denied. At the close of all the proofs defendants requested an instruction to the jury on the statute, MCLA 257.655; MSA 9.2355. The court refused to give this instruction on the ground that it was not applicable to the facts of the case. Thus the issue: was the plaintiff a "pedestrian" within the meaning of the above statute?

The pedestrian statute reads as follows:

"Where sidewalks are provided, it shall be unlawful for pedestrians to walk upon the main travelled portion of the highway. Where sidewalks are not provided, pedestrians shall, when practicable, walk on the left side of the highway facing traffic which passes nearest."

Another section of the same statute provides that:

" 'Pedestrian' means any person afoot." MCLA 257.39; MSA 9.1839.

No Michigan or foreign cases have been cited for our attention in considering the scope of this statute. Since the record is silent on the subject of sidewalks we address ourselves to the second sentence of the pedestrian statute.

If we were to read the above statute to mean that every person afoot on a public highway must be on the left side of the highway facing traffic which passes nearest, this rigid interpretation would apply to a traffic control officer, emergency personnel, persons alighting from their vehicles for the purpose of walking to a sidewalk, persons crossing the highway, and a myriad of other situations where the pedestrian statute obviously does not apply.

The language of the statute itself suggests a reasonable interpretation in its application to the facts of any case. Ordinarily "when practicable" to walk on the left side of a highway would be a question for the fact finder. *Martin v Leslie,* 345 Mich 305, 310; 76 NW2d 71 (1956). However, under the facts presented by the case before us, it is abundantly clear that reasonable minds could not possibly differ on the question of whether it was "practicable" for plaintiff to be on the left of the center line of Heights-Ravenna Road facing an oncoming car he was attempting to stop to avoid an accident. Reasonable minds would hold that it would have been foolhardy to place himself in such an impending dangerous situation. Reasonable minds would hold that it was an exercise of due care to remain either on the right shoulder of the road or to place himself on the right side of the center line facing the oncoming car in his attempt to stop the Gabris car by waving his flashlight.[1] For this reason we hold that the trial court correctly denied the request to charge on the pedestrian statute.

We do not leave this issue without commenting

[1] "The clear mandate of the statute is that unnecessary peril should be avoided by pedestrians." *Richardson v Grezeszak,* 358 Mich 206, 223; 99 NW2d 648 (1959).

on the meaning of the words "walk" and "facing traffic". Such terms obviously apply to persons who are using the highway for travelling "afoot". Plaintiff Bird, under the facts of this case, was not using the highway for the purpose of travelling, consequently we have a second reason to deny the application of the pedestrian statute to this case.

The issue of whether the jury's verdict was against the great weight of the evidence is not properly before us, no motion for a new trial having been made. *Walls v Transamerican Freight Lines,* 37 Mich App 307; 194 NW2d 422 (1971); *Carpenter v Cleveland,* 32 Mich App 213; 188 NW2d 248 (1971); *Kwasny v Driessen,* 42 Mich App 442; 202 NW2d 443 (1972). Furthermore, a reading of the record indicates that the verdict was not against the great weight of the evidence.

Judgment affirmed with costs to plaintiff.

All concurred.