DORGAN *v.* ROBERT OAKMAN LAND CO.

1. APPEAL AND ERROR — EVIDENCE—EXCLUSION OF WRITTEN CONTRACT NOT INJURIOUS WHERE FULLY TESTIFIED TO.

The exclusion of a written contract *held*, not injurious to appellant where the fact of the contract and all of its important details were testified to by one of the parties thereto and not disputed by appellee.

2. SAME—OBJECTION TO COMPETENCY OF WITNESS AS EXPERT WILL NOT SAVE OBJECTION OF HEARSAY.

Where objection was made to expert testimony on the ground that witness had not shown his competency, and motion to strike it out for that reason was made, but no objection was offered on the ground that it was based on hearsay, the latter objection is not available in the Supreme Court.

3. Same—Objection May Not be Raised for First Time in Appellate Court.

Objection to the admission of evidence may not be raised for the first time in the Supreme Court.

4. Trial—Instructions as to Contract Not Error.

In an action on a contract for services as a landscape architect, where defendant testified to having engaged plaintiff to do certain drafting and clerical work, but denied that there was any such contract as plaintiff claimed, which the court made very plain to the jury by instructing them fully and fairly as to the claims of both parties, with the law applicable thereto, an instruction that defendant admitted contracting with plaintiff for his services was not error.

5. Appeal and Error—New Trial—Exceptions.

Refusal to grant a new trial will not be reviewed, in the absence of exceptions.

Error to Wayne; Mandell (Henry A.), J.   Submitted January 31, 1924.   (Docket No. 120.)   Decided March 5, 1924.

Assumpsit by Albert W. Dorgan against the Robert Oakman Land Company for services rendered.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Le Roy J. Gilbert* (*John J. Austin,* of counsel), for appellant.

*Butzel, O'Brien, Levin & Winston* (*Isadore Levin,* of counsel), for appellee.

McDonald, J.   The plaintiff is a landscape architect.   The defendant owns 920 acres of land bordering on Grand River and Warren avenues in Wayne county, adjacent to the city of Detroit.   It desired to subdivide this land into a group of subdivisions to be known as the Aviation Field subdivisions.   The plaintiff claims to have made a contract with the defendant

to prepare general lay-out plans for subdividing the land at an agreed compensation of $5 per acre; that the plans were approved and used by the defendant in laying out the subdivisions; that the defendant then employed him to do certain work preparatory to marketing the land for which no stated compensation was agreed upon, but for which the plaintiff made a charge of $900.    The defendant denies the contract as claimed by the plaintiff.    It is its claim that the plaintiff was employed, not as an original designer, to prepare plans or to assist in connection with marketing, but to do certain clerical work for which he was paid $700, which was all that his services were reasonably worth.    There was a verdict and judgment for the plaintiff in the sum of $4,290.    A motion for a new trial was denied.    The defendant brings error.

The questions involved relate to the admission and exclusion of certain testimony, to the instructions of the court, and to the denial of a motion for a new trial.

It is first urged by the defendant that the court erred in excluding from the evidence a contract which the defendant had with a firm of landscape architects, Phillips & Wilcox, for the same services as those alleged to have been performed by the plaintiff.    It appears that the Phillips & Wilcox plans were not approved by the county auditors and the defendant was compelled to abandon them.    The purpose of offering the contract in evidence, as stated by counsel, was to show the improbability of the defendant entering into a contract with the plaintiff when it was already under contract with another firm of landscape architects for the same services.    Counsel stated "I do not want to refer to the details of the contract. I merely want to refer to the contract being made." As the fact of the contract and all of its important details were testified to by Mr. Wilcox and were not disputed by the plaintiff, we fail to see in what way

the defendant was injured by the exclusion of the mere writing.

Complaint is made of the refusal of the court to strike out all of the testimony of the witnesses Robert Herndon and William Aldinger.    The witness Herndon was called by the plaintiff, but for what purpose does not appear in the record.    His direct-examination would indicate that counsel was seeking to establish a basis for his opinion as an expert on the value of a landscape architect's services.    But he was not asked for an opinion and gave none.    In a somewhat extended cross-examination he testified that he knew of an instance where a landscape architect received $12.50 per acre for his services.    It appears that this statement was based on hearsay.    No motion was made to strike it out for that reason.    But after the witness had concluded his testimony defendant's counsel moved to strike out all of it because he had not "shown his competency."    If the court's attention had been called to any hearsay statement, undoubtedly he would have stricken it out.    The defendant is in no position to here urge an objection which he did not make in the court below.    For the same reason the court did not err in refusing to strike out the testimony of the witness Aldinger.

The defendant also urges that the court erred in admitting evidence as to the value of the land prior to the time of its subdivision.    No objection was taken to this testimony and no motion made to strike it out. The objection cannot be raised for the first time in this court.

Complaint is made that the court erred in instructing the jury that the defendant admitted contracting with the plaintiff for his services.    The instruction complained of was warranted by the testimony of Mr. Oakman.    He testified to having engaged the services of the plaintiff to do certain drafting and clerical

226—Mich.—26.

work, but denied that there was any such contract as plaintiff claimed. This the court made very plain to the jury. He fully and fairly stated the claim of both parties and correctly instructed them as to the law applicable thereto. There was no error in the charge as given.

Error is assigned on the refusal of the court to grant defendant's motion for a new trial. As no exceptions were taken the question will not be reviewed here.

The record shows no reversible error.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.