## KEMP *v.* ALDRICH.*

1. APPEAL AND ERROR—INSTRUCTIONS—RECKLESS DRIVING—MISCARRIAGE OF JUSTICE.

In pedestrian's action for damages for personal injuries arising out of collision with defendants' truck at 2:30 p. m. on a cold, blustery day late in February during a snowstorm, quotation by the court of inapplicable reckless driving statute and comment that plaintiff did not charge defendant with having driven car wilfully and wantonly, following proper instructions to jury on the subject of negligence, *held*, not to have resulted in a miscarriage of justice (3 Comp. Laws 1929, § 15518).

* See opinion on rehearing, *post*, 715.—REPORTER.

2. AUTOMOBILES—PEDESTRIAN USE OF HIGHWAYS.

Pedestrians have a perfect right to walk upon a one-way traffic lane made through snowbanks on a main-traveled road and may assume that motorists will use ordinary care and caution for the protection of pedestrians but latter must also use such care for their own safety as reasonable, careful, prudent persons would do under similar circumstances.

3. SAME—PEDESTRIANS—SNOW—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Under record showing pedestrian was in a one-way traffic lane 6 or 7 feet wide cut through 6-foot snowbanks on main-traveled road and looking ahead, although her face was turned somewhat to the side to avoid blinding snow at 2:30 on a cold, blustery afternoon late in February, evidence *held*, to present for jury question as to whether she was guilty of contributory negligence in failing to see or hear defendants' oncoming truck while both were in the cut and to sustain its verdict for plaintiff thereon.

4. SAME—TRUCK DRIVER—NEGLIGENCE—CONFLICTING TESTIMONY.

Testimony of plaintiff, a pedestrian, and defendant truck driver in action for damages for personal injuries received when they met in a one-way lane cut through snowbanks 6 feet deep on a main-traveled highway *held*, to present question of driver's negligence for jury, the interference with his vision, caused by the blinding snow, requiring him to use a high degree of care; he being under a duty so to drive as to be able to stop within the assured clear distance ahead (1 Comp. Laws 1929, § 4697).

5. EVIDENCE—SLED—REPAIRS BETWEEN ACCIDENT AND TRIAL.

Examination by jury of hand sled drawn by plaintiff pedestrian when injured as she was met by defendant's truck as they were proceeding in opposite directions through a one-way lane cut in snowbank 6 feet deep *held*, not prejudicial error although the sled had been repaired subsequent to the accident.

6. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—MOTION TO STRIKE.

In personal injury case in which record shows defendants neither objected to testimony of physician that plaintiff had made no complaint of arthritis or pain in her knees or spine when he examined her a few days before the trial nor objected to court's ruling striking such testimony which plaintiff's coun-

sel agreed to because the doctor had made no examination of plaintiff's spine, granting of motion to strike *held*, not error for failure to make seasonable objection, notwithstanding record shows the doctor did examine the spine.

7. SAME—ADMISSION OF TESTIMONY—INSTRUCTIONS—OBJECTIONS—SAVING QUESTIONS FOR REVIEW.

One cannot claim error because of the admission of testimony or the ruling of the trial court unless a seasonable objection is properly made thereto.

8. DAMAGES—EXCESSIVE VERDICT—PERMANENT PERSONAL INJURIES—SHORTENING OF LEG.

Verdict of $8,000 to strong, healthy and able-bodied 32-year old woman who sustained permanent injury, half-inch shortening of one leg and was suffering pain and inconvenience of using crutches and braces at time of trial *held*, not excessive.

WIEST, C. J., and SHARPE, J., dissenting.

Appeal from Isabella; Hart (Ray), J. Submitted June 9, 1938. (Docket No. 56, Calendar No. 39,860.) Decided December 21, 1938. Submitted on rehearing April 4, 1939. Decided June 5, 1939.

Case by Verna Kemp against William Aldrich, Shepard Co-operative Association, a Michigan corporation, and Ernest E. Ardner for damages for personal injuries sustained when struck by a truck. Verdict and judgment for plaintiff. Defendants appeal. Affirmed. Reversed on rehearing, see *post,* 715.

*Campbell & Campbell (James Ryan,* of counsel), for plaintiff.

*Charles H. Goggin* and *Robert H. Baker (Virgil McClintic,* of counsel), for defendants.

BUSHNELL, J. The opinion written by Mr. Justice SHARPE requires a reversal of the judgment and a new trial because the trial judge included in his charge a quotation from the reckless driving statute,

1 Comp. Laws 1929, § 4696 (Stat. Ann. § 9.1564). However, immediately preceding this statement, the court properly instructed the jury on the subject of negligence.

It is unfortunate that the court's statement of the law of negligence should be followed by the quotation that appears in Mr. Justice Sharpe's opinion because the criminal statute has no application in this suit. The court stated to the jury that, in effect, although the statutes of the State also provide that one who wilfully and wantonly disregards the rights of another, under certain conditions, shall be guilty of reckless driving, the plaintiff has not charged the defendants with such conduct. Under these circumstances, "after an examination of the entire cause," it does not "affirmatively appear that the error complained of has resulted in a miscarriage of justice." 3 Comp. Laws 1929, § 15518 (Stat. Ann. § 27.2618).

Appellants argue that plaintiff was guilty of contributory negligence, as a matter of law, in entering a one-way traffic lane made through snowbanks on a main-traveled road and in walking in the center of the highway in a blinding snowstorm.

Because of a heavy snowfall the road had been used for travel by other pedestrians and, even if plaintiff was the first to walk on the highway under these circumstances, nevertheless she had a perfect right to do so. *Korstange* v. *Kroeze,* 261 Mich. 298; *Lapachin* v. *Standard Oil Co.,* 268 Mich. 477; *Pearce* v. *Rodell,* 283 Mich. 19. In the *Pearce Case* the court approved an instruction of a trial judge who said:

"Pedestrians upon the public highway have a right to assume in the first instance the driver of an automobile will use ordinary care and caution for the protection of pedestrians, nevertheless the pedestrian must not rest content on such assumption, if

there comes a time where he knows, or ought to know by the exercise of reasonable care, he is being placed in danger. He must take such care for his own safety as a reasonable, careful, prudent person would do under similar circumstances.''

Plaintiff had the right to assume that defendant's driver would give a warning signal and that she would not be injured while using the highway. *Reynolds* v. *Knowles,* 223 Mich. 70. Plaintiff testified that, as she was walking through the cut, which was 6 or 7 feet wide, she was looking ahead, although her face was turned somewhat toward the east to avoid the blinding snow. She said she did not see any lights or hear a horn and had no opportunity to step aside and get out of the way of defendant Shepard Co-Operative Association's truck. Whether she was guilty of contributory negligence under these circumstances was a question of fact and there was evidence to support the finding of the jury.

Defendant Aldrich's negligence was also a question of fact. The blinding snow interfered with his vision and he was required to use a high degree of care. It was his duty to drive so that he could stop within the assured clear distance ahead. 1 Comp. Laws 1929, § 4697 (Stat. Ann. § 9.1565) ; *Bowmaster* v. *William H. DePree Co.,* 252 Mich. 505; *Russell* v. *Szczawinski,* 268 Mich. 112. Plaintiff testified that, after defendant Aldrich struck her, she was dragged a distance of 30 to 40 feet. Aldrich, on the other hand, testified that, upon entering the cut in the road, he reduced his speed to 4 or 5 miles per hour, turned on his headlights, maintained a look-out and, when he saw plaintiff, about six feet ahead, he put on his brakes and stopped his truck within four feet. This conflict in the testimony raised an issue of fact for the jury. *Russell* v. *Szczawinski, supra.*

Appellants contend that the trial court was in error in permitting the jury to examine the hand sled that plaintiff was drawing when she was struck, the sled having been repaired subsequent to the accident. We do not agree with appellants' contention that, because of its changed condition, the admission of such evidence was prejudicial to the defendants.

Plaintiff called Dr. DuBois and Dr. McArthur as witnesses. Appellants argue that it was improper for the court to strike the testimony of Dr. McArthur to the effect that plaintiff made no complaint of arthritis or pain in her knees or spine when he examined her a few days before the trial. The statement of the court was as follows:

"I think one thing that was objected to was the time relative to the spine examination that the doctor said that there were no injuries to the spine. I think the court should strike that testimony out relative to the injuries to the spine."

Plaintiff's counsel agreed to this because Dr. McArthur had made no examination of plaintiff's spine. The court said, "I thought he did." The record shows that Dr. McArthur did examine plaintiff's spine. Defendants neither objected to the testimony when it was given nor to the ruling of the court. One cannot claim error because of the admission of testimony or the ruling of the trial court unless a seasonable objection is properly made thereto. *Chaney* v. *Lake Drive Garage,* 252 Mich. 412.

Appellants seek reversal also because the verdict of $8,000 was excessive.

Prior to the accident, plaintiff was a strong, healthy and able-bodied woman, 32 years of age. As a result of the accident she is permanently injured, one leg is a half-inch shorter than the other and, at

the time of trial, she was still suffering pain and the inconvenience of using crutches and braces.

The verdict of $8,000 was not excessive. *Watrous v. Conor*, 266 Mich. 397, and authorities cited therein.

The judgment is affirmed, with costs to appellee.

BUTZEL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred with BUSHNELL, J.

SHARPE, J. (*dissenting*). This is an action for damages for pain, suffering and permanent injuries growing out of a collision with defendants' truck on February 27, 1936, at about the hour of 2:30 p. m. Plaintiff, a married woman, lives with her husband and two children on the east side of the county highway about one half mile north of an intersection known as Salt River Corners. The country in this neighborhood is level and frequently in the winter months snow banks formed over the street making it impassable to traffic. During the period immediately preceding the date above mentioned, the weather was cold and blustery and the snowfall heavy. From about two blocks north of the corners past the Kemp house, there was a cut where snow banks formed in the street which blocked it for ordinary public travel. On Monday, February 24th, the snow plows had opened up this highway. Thursday, the day of the accident, was real cold and where the snow plow had gone through this cut, the snow banks were approximately six feet high on each side and the opening was about eight feet wide. There were no sidewalks or paths along the highway where pedestrians could walk. On the day in question, plaintiff put four fruit cans and her purse in a box, set them on a hand sled and started out to the Brooks east of Salt River Corners for milk, intending to go from

there to the school house to get her children. She bundled herself in heavy garments, wrapped a silk scarf about her head, drew the sled by a rope looped over her arm, entered the cut at her driveway, and started south down the road, walking between the wheel tracks. She bowed her head and turned her face towards the east to protect it from the blustering snow.

About 11 o'clock on the day of the accident, defendant Ardner, owner of the truck and manager of the co-operative association, received an urgent call for coal from a school to the northeast of the village. After noon defendant Aldrich, employee of the association, loaded 3,200 pounds of coal on the truck and about 2 p. m. started out to deliver the coal one mile north and two miles east of Shepard. The truck was a ton and a half Ford in good mechanical condition. It had a cab and stake body platform six feet wide; was equipped with four-wheel brakes, chains on the rear wheels, front bumper and lights. Before Aldrich, the driver of the truck, entered the cut he reduced the speed of his truck to 4 or 5 miles per hour. As he went forward, he was looking for cars and could see about six feet ahead of the truck. After the truck proceeded about 60 feet in the cut, the accident occurred.

There is testimony that as plaintiff was proceeding through the cut, she was on the lookout for anything that might be ahead of her when suddenly the truck loomed up in front of her; that after the truck hit plaintiff she was dragged between 30 and 40 feet; that the lights on the truck were not burning, nor was any warning given; that as a result of the accident, plaintiff suffered fractures of both knees and the right ankle as well as many other minor bruises; that she remained in a hospital for about eight

weeks; that she returns occasionally for observation; that in December, 1936, she entered the hospital at Ann Arbor and had an operation on the right ankle and remained there 12 days; and that she is permanently injured and suffers great pain and gets about by the aid of crutches and a steel brace on her right foot, ankle and leg.

The cause came on for trial, was submitted to a jury which brought in a verdict for plaintiff in the sum of $8,000. During the progress of the trial and at the close of plaintiff's proofs the defendants made a motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence. This motion was renewed at the close of all testimony and was denied by the trial judge. Defendants appeal.

Defendants list 42 claimed errors in stating reasons and grounds of appeal. The assignments of error may be grouped as follows: that the driver of the truck was not negligent in his operation of the same; that plaintiff was guilty of contributory negligence; that the trial court erred in admitting certain evidence; that the trial court was in error in his charge to the jury; and that the verdict was excessive.

Defendants contend that the trial court was in error in giving the following instruction to the jury:

"Another statute of this State reads as follows:

" ' Any person who drives any vehicle upon the highway carelessly or heedlessly, with a wilful or wanton disregard of the rights or safety of others, or without due caution or circumspection, and at a speed, or in a manner so as to endanger or be liable to endanger any person or property, shall be guilty of reckless driving.' *

"That is from the criminal statutes in the State. The plaintiff does not charge the defendant in this case with wilfully or wantonly driving this car in a negligent manner."

* See 1 Comp. Laws 1929, § 4696 (Stat. Ann. § 9.1564).—REPORTER.

The purpose of an instruction is to advise the jury as to the law pertaining to the facts in the particular case; and it is the duty of the jury to accept and apply the instructions given by the trial judge.

We must assume that the members of the jury made some application of the above instruction. The instruction should not have been given. It has no application in a civil suit. It relates solely to a criminal proceeding. It could mislead a jury into thinking that defendant driver was charged with driving in such a manner as to bring him into purview of the criminal statutes. Such an instruction was prejudicial and its possible effect was not cured by other instructions given.

In view of our determination of this question, we find it unnecessary to decide other questions raised. The judgment of the trial court should be reversed and a new trial granted. Defendants should recover costs.

WIEST, C. J., concurred with SHARPE, J.