RENTFROW *v.* GRAND TRUNK WESTERN
RAILROAD COMPANY.

1. PLEADING—COURT RULES—DEFENSES—CONTRIBUTORY NEGLIGENCE.
   Defendant may raise as many defenses as it has against plaintiff,
   and by raising the defense of contributory negligence, de-
   fendant does not admit negligence (GCR 1963, 111.2).

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   Statement by plaintiff's counsel that defendant must be neg-
   ligent in order to claim plaintiff's decedent was contributorily
   negligent was error but was cured by an instruction from the
   court that the law to be applied to the case would be given by
   the court.

3. SAME—CONTRIBUTORY NEGLIGENCE.
   Contributory negligence necessarily implies negligence on the
   part of defendant.

4. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.
   Instruction by court that contributory negligence imports the
   defendant was guilty of negligence is legally sound and al-
   though it should have been put in language more understand-
   able to the jury is not erroneous when the charge as a whole
   adequately informed the jury of the applicable law.

5. APPEAL AND ERROR—INSTRUCTIONS—EVIDENCE.
   Appellate courts view trial court's instructions as a whole in
   determining its adequacy, and the test is:  did the instructions

REFERENCES FOR POINTS IN HEADNOTES
[1]  38 Am Jur, Negligence §§ 277, 278; 41 Am Jur, Pleading §§ 114,
     116.
[2]  53 Am Jur, Trial § 506.
[3]  38 Am Jur, Negligence §§ 174, 175, 181.
[4]  38 Am Jur, Negligence § 367.
[5, 6]  5 Am Jur 2d, Appeal and Error § 894.
[7]  38 Am Jur, Negligence §§ 367, 557, 601, 629, 660, 679, 837, 838.
[8]  44 Am Jur, Railroads § 632.

as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case?

6. SAME—INSTRUCTIONS.

> Isolated portions of an instruction to the jury which might be subject to criticism if divorced from the remainder will not be singled out as grounds for reversal.

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

> Instruction defining contributory negligence in language which defendant claims was confusing and which contained a double negative *held*, not reversible error, when followed by other instructions which, viewed in their entirety, made it clear to the jury that the issue of defendant's negligence, if any, was for their determination and if they determined he was negligent, they must decide the issue of contributory negligence by plaintiff.

8. RAILROADS—GRADE CROSSING ACCIDENT—INSTRUCTIONS.

> Instructions, viewed as a whole, that were given in wrongful death action arising out of grade crossing accident when defendant's fast-moving train struck car driven by plaintiff's decedent *held*, to have clearly presented issues of negligence and contributory negligence to jury.

Appeal from Cass; Anderson (David, Jr.), J. Submitted Division 3 April 4, 1967, at Grand Rapids. (Docket No. 2,366.) Decided March 21, 1968.

Complaint by Louise Rentfrow, administratrix of the estate of Dale Rentfrow, deceased, against Grand Trunk Western Railroad Company for the wrongful death of Dale Rentfrow. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Jones, Webb & Jones,* for plaintiff.

*Earl C. Opperthauser,* for defendant.

R. M. RYAN, J. This matter involves a claim of negligence in connection with a train-automobile

accident at a grade crossing. On May 27, 1964, at about 6 a.m. a freight train, westbound for Chicago, arrived at this crossing, stopped and backed over at a switch onto the eastbound tracks in order to permit defendant's nearly-due westbound passenger train to pass it. It was the claimed intention of the crew of the freight train to start the freight train and pull it across the crossing so as to block the crossing to motor vehicles while the passenger train passed. The freight train proceeded to a point about 100 feet from the crossing when a car, driven by plaintiff's decedent, approached the crossing. The fireman in the freight train made a motion with his hand and arm, and the plaintiff's decedent stopped the car some 40 feet from the track. After apparently observing the position of the freight train, the plaintiff's decedent's car then moved ahead over the crossing. As the car moved over the crossing the engine of the fast moving passenger train arrived, striking the car and killing both occupants.

In the pleadings and at trial defendant denied that it was negligent and interposed the affirmative defense of contributory negligence. The jury returned a verdict in favor of plaintiff in the amount of $73,150 and judgment was rendered accordingly.

The questions presented on appeal relate to the instructions to the jury on the issue of contributory negligence. Before argument to the jury, the trial court advised counsel that he was going to charge the jury to the effect that the defense of contributory negligence *imports* that the defendant was guilty of negligence. In his argument to the jury, plaintiff's counsel stated:

"Now, there will be a claim that Mr. Rentfrow was negligent, that he was what they call contributorily negligent. And in order to claim that he was contributorily negligent, they have to admit that

they themselves were negligent, but that what he did also was negligence and contributed with their negligence to cause his death."

After plaintiff's counsel recited some examples of negligence and contributory negligence, defendant's counsel objected to this kind of argument, which objection was sustained. The trial court then advised the jury as follows:

"Let me make this statement now. The law which you will apply to this case will be given to you in the instructions by the court, and you are to accept only the statement of the law as I give it to you and not any statement of counsel as to what the law is or is claimed to be."

In his instructions to the jury at the conclusion of the proofs, the trial judge in one portion of the instructions said:

"Contributory negligence, as the very word imports, arises when the plaintiff as well as the defendant has done some act negligently or has omitted through negligence to do some act which a reasonably prudent person would not have done or would not have omitted to do under the same circumstances and which contributes to the injury."

Defendant contends that it was improper for plaintiff's counsel to tell the jury that in order to claim that he (plaintiff's decedent) was contributorily negligent, defendant would have to admit that it was negligent, and that it was further improper for the trial judge to instruct the jury that the defense of contributory negligence *imported* negligence on the part of defendant in view of the alleged prejudicial argument to the jury by plaintiff's counsel on this very question. Defendant contends that the combined effect of argument of counsel and the trial court's statement to the jury that he would

instruct them on the law, followed by the particular instruction complained of, was prejudicial to defendant, confusing to the jury, and amounted to reversible error.

Clearly, the statement made by plaintiff's counsel to the jury that in order to claim that plaintiff's decedent was contributorily negligent, defendant would have to admit that it was negligent, was a misstatement of the law.  Under our court rules defendant was entitled to raise as many defenses as it had against plaintiff, and when it did so, no defenses were waived.  GCR 1963, 111.2.  Certainly, by raising the defense of contributory negligence, defendant cannot be deemed to have admitted negligence on its part.

However, upon objection by defense counsel to the argument by counsel for plaintiff, the court properly instructed the jury as follows:

"The law which you will apply to this case will be given to you in the instructions by the court, and you are to accept only the statement of the law as I give it to you and not any statement of counsel as to what the law is or is claimed to be."

The potential prejudice arising out of the improper argument of counsel was cured by this instruction.

As for the charge of the court itself, it was legally sound—there can be no contributory negligence unless there was negligence on the part of defendant. *Haney* v. *Frederick V. Gentsch, Inc.* (1962), 368 Mich 354; *Rockwell* v. *Grand Trunk Western Railway Co.* (1931), 253 Mich 144.  While we agree with defendant that the instruction should have been fashioned in language more understandable to the jury, we believe that viewing the instructions as a whole, the trial court adequately informed the jury of the applicable law.

Defendant also contends that the trial judge improperly defined contributory negligence in the challenged instruction to the jury. Defendant claims that it contained a double negative, did not properly define the term contributory negligence, was confusing to the jury and could not be understood.

The rule that appellate courts view the trial court's instructions as a whole in determining its adequacy is elemental. As pointed out in *Johnston* v. *Narmore* (1965), 1 Mich App 160, the test to be applied is succinctly stated in *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437, 446:

"Did the instructions as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case?"

Isolated portions of an instruction which might be subject to criticism if divorced from the remainder will not be singled out as grounds for reversal. *Hayes* v. *Coleman* (1953), 338 Mich 371; *Bathke* v. *City of Traverse City* (1944), 308 Mich 1. In the case at bar, having already given the challenged instruction, the court charged the jury:

"If the plaintiff decedent was guilty of negligence which directly contributed to the accident and without which the accident would not have occurred, then the plaintiff decedent's negligence in such cases defeats recovery."

And,

"If the defendant railroad did what an ordinarily reasonable prudent person would have done under similar circumstances, the defendant was not negligent. If it failed to do what an ordinarily prudent person would have done, or did something that an

ordinarily prudent person would not have done, then the defendant was negligent."

Later in the instructions the court, after explaining to the jury what facts they should take into consideration in determining whether plaintiff was negligent, said:

"If you find that under all these circumstances he [plaintiff's decedent] did not exercise the care and caution that a reasonably prudent person would have exercised under the same or similar circumstances and that his failure proximately caused or contributed to the accident, your verdict must be for the defendant."

Near the conclusion of the instructions, the trial court further instructed the jury as follows:

"Your verdict will be one of two. If you find by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of the accident and injuries, and you do not find from a preponderance of the evidence that plaintiff decedent was guilty of negligence proximately causing or contributing to the accident, your verdict will be, 'We find for the plaintiff Rentfrow in the sum of,' you naming the amount * * *.

"If you do not find from a preponderance of the evidence that defendant was negligent and that said negligence was the proximate cause of the accident, or if you find from a preponderance of the evidence that plaintiff decedent was guilty of negligence proximately causing or contributing to the accident, your verdict will be, 'We find for the defendant, no cause of action.'"

Viewing the instructions in their entirety we conclude that the jury clearly understood that the issue of defendant's negligence, if any, was for their determination and that if they determined that defendant

was negligent; they must decide the issue of contributory negligence by plaintiff.

Affirmed.   Costs to appellee.

BURNS, P. J., and HOLBROOK, J., concurred.