### WILSON v. PHILLIPS.

1. Trial—Control by Presiding Judge—Expedition of Proceedings.

   Efforts of trial judge to expedite and control a trial for damages from automobile negligence *held*, on record presented, not improper injection of the court into the trial, since it is the duty of the trial judge to control the trial.

2. Appeal and Error—Conduct of Judge.

   Plaintiffs' statements on appeal that trial judge displayed partiality *held*, not supported by the record.

3. Same—Instructions.

   An appellate court views the trial court's instructions to the jury as a whole in determining their adequacy.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 19, 74.
[2] 4 Am Jur 2d, Appeal and Error §§ 539, 544.
[3] 5 Am Jur 2d, Appeal and Error § 894.
[4] 5 Am Jur 2d, Appeal and Error §§ 969, 972.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 768, 770, 773, 994, 1002, 1037.

4. SAME—VERDICT—EVIDENCE.

An appellate court will set aside a verdict and judgment of the trial court when it is against the overwhelming weight of the evidence.

5. AUTOMOBILES—REAR-END COLLISIONS—EVIDENCE.

Verdict for defendant in action arising from rear-end collision as plaintiff was about to leave expressway *held*, not against the great weight of the evidence.

Appeal from Wayne, Burdick (Benjamin D.), J. Submitted Division 1 April 3, 1968, at Detroit. (Docket No. 2,531.) Decided June 25, 1968. Rehearing denied October 14, 1968. Reconsideration denied December 9, 1968.

Complaint by Beatrice Wilson and Martin Wilson against Kathleen A. Phillips for damages resulting from an automobile collision. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Wilfred C. Rice,* for plaintiff.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendant.

PER CURIAM. Plaintiff Mrs. Wilson and defendant, Miss Phillips, were driving their automobiles to work on the morning of January 8, 1963. Both were school teachers in the city of Detroit. Plaintiff alleged that when she attempted to leave the Edsel Ford expressway in the city of Detroit, the defendant's vehicle struck her vehicle in the rear, causing serious personal injury to the plaintiff.

The husband of Mrs. Wilson, also a plaintiff in this action, requested damages for loss of use of car, repair work, medical expenses for Mrs. Wilson, and loss of services and consortium. Defendant alleges that she was in the extreme right lane of the 3-lane

expressway and that the plaintiff attempted to cut over from the middle lane in order to leave, causing the collision when defendant was unable to avoid hitting plaintiff's vehicle.

On trial, the jury returned a verdict of no cause of action in favor of defendant, plaintiffs appealing to this Court alleging the following errors:

(1) That they did not have a fair and impartial trial by "due process of law".

(2) That the verdict of the jury was erroneous and against the great weight of the evidence.

Plaintiff's first question is further broken down into a number of subheads beginning with the allegation that the trial court unduly injected itself into the trial. Specifically, plaintiff states that the court interfered with counsel's attempt to present proofs, sustained unmade objections, questioned witnesses, and cut off counsel from arguing points of law. A review of the record does not substantiate this contention. See *Madalinski* v. *Hill* (1936), 277 Mich 219. Here, as in *Madalinski,* the court sought to expedite and control the trial, and properly so.

Improper, prejudicial, and erroneous rulings are ascribed to the court during the course of trial, particularly in relation to admission of evidence and allowing a certain witness to testify. Plaintiffs state that, "The court was unfair to plaintiffs in every respect. His partiality was so obvious that the jury could not help detecting it." This contention is not borne out by the record. See *Smith* v. *Maticka* (1943), 305 Mich 32.

Likewise, we are unable to sustain plaintiff's complaints about the defense's summation argument and the court's charge to the jury. See this Court's opinion in *Rentfrow* v. *Grand Trunk Western Railroad Company* (1968), 9 Mich App 655, 660, wherein we stated "appellate courts view the trial court's

instructions as a whole in determining its adequacy" and these instructions pass muster in this regard.

Plaintiff's final contention that the verdict is against the great weight of evidence is not sustained. See *McConnell* v. *Elliott* (1928), 242 Mich 145, 147, stating:

"We should set aside a verdict, and only set one aside, when it is against the overwhelming weight of the evidence. We are not persuaded that this record justifies us in setting aside the verdict."

Affirmed. Costs to appellees.

J. H. GILLIS, P. J., and FITZGERALD and McGREGOR, JJ., concurred.