## PEOPLE *v.* WEBB.

### SAME *v.* DAVIS.

1. CRIMINAL LAW—APPOINTED COUNSEL—DISCHARGE—GROUNDS.

   Trial court's refusal to discharge counsel appointed to represent criminal defendant and appoint new counsel *held,* proper where defendant alleged only that appointed counsel was a customer and acquaintance of owner of store which defendant was charged with entering without breaking with intent to commit larceny, such allegation standing alone being insufficient to warrant discharge of counsel (CL 1948, § 750.111 as amended by PA 1964, No 133).

2. SAME—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—SILENCE OF DEFENDANT—ADMISSIBILITY.

   Statements of arresting officers elicited by prosecution questioning that defendants said nothing when apprehended inside clothing store did not violate right of defendants to remain silent and their introduction into evidence did not constitute comment on refusal of defendants to testify.

3. APPEAL AND ERROR — EVIDENCE — OBJECTION — PRESERVING QUESTION.

   Timely objection at trial to the introduction of evidence which is allegedly improper is a prerequisite to review of any error on appeal.

Appeal from Recorder's Court of Detroit, Brennan (Vincent J.), J.  Submitted Division 1 October 8, 1968, at Detroit.  (Docket Nos. 4,071, 4,191.)  Decided October 22, 1968.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 321.
[2]  29 Am Jur 2d, Evidence § 278.
[3]  5 Am Jur 2d, Appeal and Error § 545.

Robert Lee Webb and Clifford Bernard Davis were convicted of entering a business place without breaking with intent to commit larceny. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop* and *Thomas P. Smith,* Assistant Prosecuting Attorneys, for the people.

*Tom Downs,* for defendant Webb on appeal.

*Owen J. Galligan,* for defendant Davis on appeal.

PER CURIAM. Defendants were apprehended at approximately 3:30 a.m. on October 25, 1966, by the police, while inside a clothing store, and subsequently convicted of entering a business place without breaking with intent to commit larceny. CL 1948, § 750.111 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.306).

Defendant Webb's sole argument on appeal is that he alleges that during the course of the trial he requested the court to discharge his court-appointed counsel and to replace him with other assigned counsel. His basis for discharging his counsel was that at trial it developed that his counsel patronized this clothing store on occasion and knew the owner.

The record is devoid of any request by the defendant to the court, but, assuming *arguendo* such a request was made, this mere assertion does not warrant the discharging of counsel and the appointment of new counsel. The factual situation in this case is substantially different from that in *People* v. *Henley* (1965), 2 Mich App 54, where the defendant re-

quested the discharge of his appointed counsel coupled with the request that the trial continue and he be allowed to represent himself.

At trial, both police officers who arrested defendants testified that at the time of apprehension neither defendant said anything. Defendant Davis urges that the introduction of such testimony was error because it violated various constitutional and statutory rights guaranteed defendants.

We find no violation of any of the defendants' rights. Additionally, there were no objections to such questions. A timely objection at trial to the introduction of evidence which is allegedly improper is a prerequisite to review of any error on appeal. *Dusendang* v. *Thompson* (1966), 2 Mich App 526.

Affirmed.

J. H. GILLIS, P. J., and R. B. BURNS and KELLEY, JJ., concurred.