PEOPLE *v.* DICKERSON

1. CRIMINAL LAW—IMPEACHMENT TESTIMONY—LIMITATION ON USE
—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTION—REVERSIBLE
ERROR.

Denying a request for an instruction to the jury that a prosecution's rebuttal witness's testimony could be used only for impeachment purposes and not as substantive evidence even where the request was not made until the conclusion of trial is ordinarily reversible error where the testimony is properly used only for impeachment purposes.

---

[2] See MCLA § 768.2 (Stat Ann 1954 Rev § 28:1025).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses § 674 *et seq.*
[3, 4] 30 Am Jur 2d, Evidence § 914 *et seq.*
[5] 53 Am Jur, Trial § 512 *et seq.*

2. Criminal Law—Impeachment Testimony—Limitation on Use
   —Instructions to Jury—Reversible Error.
   Refusing to instruct jury that the testimony of a prosecution
   witness concerning an automobile accident in which the de-
   fendant was a party was not substantive evidence and could
   be used only for impeaching defendant's credibility was not
   reversible error where the defendant was on trial for stabbing
   a woman to death because the testimony, even if taken as true,
   was not substantive evidence of the murder, but only showed
   that the defendant was once in an automobile accident.

3. Criminal Law — Evidence — Hearsay — Business Records —
   Statutes — Applicability.
   Statute permitting the introduction into evidence of business
   records as an exception to the hearsay evidence rule does
   not apply in criminal cases because of a defendant's consti-
   tutional right to be confronted with the witnesses against him
   (MCLA § 600.2146).

4. Criminal Law — Evidence — Business Records — Hospital
   Entries — Prosecutor's Questioning.
   Allowing the prosecutor in a murder trial to cross-examine de-
   fendant's medical witness regarding entries in the deceased's
   hospital records was not error where the defendant opened
   the door to the deceased's hospital records by asking the
   medical witness about entries in the record, including entries
   not made by the witness.

5. Homicide—Murder—Defenses—Self-Defense—Instructions to
   Jury.
   Refusal to give the defendant's requested instruction to the jury
   on the defense of self-defense was not error where the defense
   was that the deceased, who died of stab wounds, had committed
   suicide and where the defendant had testified that he was
   positive that he did not knife or cut the deceased.

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J.  Submitted Division 1 December 9,
1970, at Detroit.  (Docket No. 7626.)  Decided Feb-
ruary 16, 1971.  Leave to appeal denied May 18,
1971, 384 Mich 841.

Alvin Dickerson was convicted of second-degree
murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and VANDER WAL,* JJ.

DANHOF, J.   The defendant was charged with second-degree murder, MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).   He was convicted of that crime after a trial by jury.

On appeal he alleges first that the trial court erred in not instructing the jury that they could consider the testimony of the prosecution's rebuttal witness only for impeachment purposes and not as substantive evidence.   No objection on this basis was made at the time the witness was testifying. However, a request for such an instruction was made at the conclusion of the trial.   The request was denied.   Ordinarily, this would constitute reversible error.   *People* v. *Budary* (1970), 22 Mich App 485, 497.   In the present case it does not, because the rebuttal witness's testimony only went to the credibility of the defendant.   The defendant had stated on the stand that he was not involved in a certain automobile accident on June 20, 1965.   The rebuttal witness stated that the defendant told her that he was in an accident in June 1965.   The deceased, with whom the defendant was living, died of a stab wound to the left chest inflicted on September 5, 1966.   If taken as true, the testimony was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

not substantive evidence that the defendant committed the crime charged, but only that he was in an accident in June 1965. We find no reversible error.

Next it is argued that the trial court erred in allowing portions of the decedent's hospital records into evidence under the "business records" exception to the hearsay rule. The "business records" statute MCLA § 600.2146 (Stat Ann 1962 Rev § 27A.2146), is not considered applicable in criminal cases because of an accused's constitutional right to be confronted with the witnesses against him. *People* v. *Lewis* (1940), 294 Mich 684; *People* v. *Gauthier* (1970), 28 Mich App 318. However, in this case the defense counsel was the first to use the deceased's hospital records. On direct examination, a pyschiatrist for the defense testified from the records as to matters contained therein, some of which were in his own handwriting and some of which were not. Upon cross-examination, defense counsel objected to the doctor testifying relative to any entry in the file that he had not personally made. On direct examination the defense counsel opened the door and under those circumstances we find no reversible error in the trial court's allowing the prosecutor to cross-examine the witness about entries in the record that were made by another doctor.

It is also contended that it was reversible error for a police officer to testify, referring to the defendant, that "He refused to make a statement". Defense counsel made no objection to the testimony. The law is settled that a timely objection at trial is a prerequisite to appellate review of this alleged error. *People* v. *Webb* (1968), 13 Mich App 625; *People* v. *Lamson* (1970), 22 Mich App 365.

Finally, the defendant argues that it was reversible error for the trial court to refuse his requested charge of self-defense. The theory of the defense was that the deceased committed suicide after stabbing the defendant who lost consciousness from the wound. The defendant stated in his testimony that he was positive that he did not knife or cut the deceased. We hold that the trial court properly refused to give the requested charge on self-defense because of the lack of evidence to support that theory. *People* v. *Ware* (1968), 12 Mich App 512.

Affirmed.

All concurred.