SLADEK v WILHELM

1. APPEAL AND ERROR—EVIDENCE—ADMISSIBILITY—PRESERVING QUESTION.

   Reversible error does not result from admission of evidence relating to degree of care where no objection had been raised at trial.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION—COURT RULES.

   Failure to make proper objection to jury instructions at the time of trial will preclude any claim of error on appeal (GCR 1963, 516.3).

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 April 4, 1972, at Grand Rapids. (Docket No. 11939.) Decided June 1, 1972.

Complaint by Karnig Sladek against Grace Edna Wilhelm for personal injury caused by the negligent operation of an automobile. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*Murchie, Calcutt & Brown* (by *Dennis L. Huntley),* for plaintiff.

*Menmuir & Zimmerman,* for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and BORRADAILE,* JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 30 Am Jur 2d, Evidence § 1022.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Plaintiff appeals from the denial of a new trial by the trial court following a jury verdict of no cause of action.

After a careful review of the record, we conclude that the jury verdict was not contrary to the great weight of the evidence.

The plaintiff's second issue is stated as follows: Did the trial court commit error in allowing defendant's counsel to elicit testimony from the plaintiff that a year before the accident in question he had been involved in another accident with an automobile while riding his bicycle?

The plaintiff is objecting to the following testimony elicited by defense counsel on cross-examination of the plaintiff:

"*Q.* And I think you told us at that time, did you not, that in 1963, a year before this accident, you had been riding a bicycle and hit by a car that time?

"*A.* Yes.

"*Q.* And that is true, isn't it, that a year before you were hit by a car?

"*Mr. Calcutt:* Well, just a minute. I don't think that is relevant to this issue. How does counsel claim to tie it in?

"*The Court:* Do you have in mind the degree of care?

"*Mr. Menmuir:* Yes; I think so, your Honor.

"*Mr. Calcutt:* This is only a 10-1/2-year-old-boy.

"*The Court:* Well, we'll try to explain to the jury, of course.

"*Q.* At the time we took your deposition, we asked you about hearing the horn, and you said that you didn't remember, didn't you? That's what you told us at that time.

"*A.* Yes."

The first question concerning the fact that the plaintiff had been in an accident with his bicycle sometime during the year previous to the instant

accident, was not objected to by plaintiff's counsel, and the last question pertaining to this matter was objected to, but was not answered. Under these facts, what we stated in *Dusendang v Thompson,* 2 Mich App 526, 532–533 (1966):

"In 1 Wigmore on Evidence (3d ed), § 18, p 321, appears the following:

" 'The judge may of his own motion deal with offered evidence; but for all subsequent purposes, it must appear that the opponent invoked some rule of evidence. A rule of evidence not invoked is *waived.'*

"See, also, *Kemp v Aldrich,* 286 Mich 591 (1938).

"In a headnote, in the case of *Vass v Schrotenboer,* 329 Mich 642, 644 (1951), appears the following:

" 'Reversible error did not result from statement by one of plaintiff's witnesses that statement which had been taken was by someone from defendant's insurer, where no objection was made by counsel for plaintiff,' "

and what we stated in the case of *Dorgan v Robert Oakman Land Co,* 226 Mich 398, 401 (1924):

"The defendant also urges that the court erred in admitting evidence as to the value of the land prior to the time of its subdivision. No objection was taken to this testimony and no motion made to strike it out. The objection cannot be raised for the first time in this court,"

are applicable to the instant case, and therefore, we are constrained to rule that as to plaintiff's second issue, the claimed error was not preserved for appeal.

The third issue pertains to present objection to instructions of the trial court. The pertinent portion is as follows:

"You may take into consideration: here is a young ten-year-old boy on a bicycle. As Mrs. Wilhelm said, she was very careful because she knew sometimes young-

sters didn't always—I don't know how she put it—'use as much care as an adult.' So she was watching out for that."

The referred-to testimony of Mrs. Wilhelm reads as follows:

"There were two boys riding bikes at the right side of the road, I blew my horn and one went like that *(indicating)*, and I figured he was waving at me, so I kept over onto the other side as far as I could go without getting in the way of the other traffic; and I drove slowly down because I am not very sure what little boys are going to do on bicycles."

The record discloses that after the charge by the court, plaintiff requested additional instructions which were given. None of the requested additional instructions, nor objections to the instructions, pertained to the comments by the court which are now objected to for the first time.

From a careful reading of the instructions and considering them as a whole, we rule that there was no prejudicial error committed. *Rentfrow v Grand Trunk Western R Co,* 9 Mich App 655 (1968).

We also rule that inasmuch as plaintiff failed to make proper objection to the instructions at the time of trial, as required by GCR 1963, 516.2, plaintiff is now precluded from claiming such error on appeal.

Affirmed. Costs to defendant.